

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILINOIS
EASTERN DIVISION

| | |
|---|---|
| EVELEIGH WILIAMS and BERNARD C. GOODALL, | Case No. 12-CV-7152 |
| Plaintiffs, | Judge Rebecca R. Pallmeyer |
| v. | Magistrate Sidney I. Schenkier |
| AMERICAN HOME MORTGAGE SERVICING INC., | FILED |
| Defendant | OCT 3 1 2012 |
| | THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
AND SUPPORTING MEMORANDUM**

Now comes the Plaintiffs, pro se, in opposition to Defendant American Home Mortgage Servicing Inc. ("AHMS") motion to dismiss, states as follows:

**INTRODUCTION**

This action is a complaint initially brought in Will County Circuit Court in Will County, Illinois alleging violations of both federal and state law arising from Defendant's violation of 720 ILCS 5/12-6 and contract law which thereafter resulted in an defense against recoupment pursuant to Illinois law, 810 ILCS 5/3-305 (a)(1). In short, the mortgage entered into by Plaintiffs with Fremont Investment & Loan on January 18, 2007 is not enforceable. Defendant has failed to produce evidence that a proper assignment occurred between Freemont Investment & Loan and Homeward Residential, Inc. f/k/a American Home Mortgage Services, Inc. Consequentially, the mortgage against Plaintiffs property is an invalid encumbrance along with the accompanying documents and instruments of conveyance. As a result, Plaintiff seeks quiet

1

title to the subject property and the release of all liens placed by the Defendant on the subject property which have clouded title.

## APPLICABLE LEGAL STANDARD

The standard in considering a Motion to Dismiss, Rule 12(b)(6) is whether the complaint is sufficient and is not to be used as a mechanism to decide the merits. Under a Rule 12(b)(6) the defendant bears a high burden and the complaint should not be dismissed unless beyond a doubt the Plaintiff cannot prove a set of facts which would entitle relief. *Conley v. Gibson, 355 U.S. 41, 45-46 (1957)*. Also, for purposes of a motion to dismiss, the court takes facts alleged in Plaintiff's complaint as true and draws all reasonable inferences from those facts in favor of the Plaintiffs' although conclusory allegations that merely recite the elements of a claim are not entitled to the presumption of truth. *Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011)*.

Moreover, the court must construe the complaint in the light most favorable to the Plaintiff and is limited to the complaint, attached documents and documents referred to in the complaint. *Venture Associates Corporation v. Zenith Data Systems Corporation, 987 F2d, 429, 431 (7th Cir. 1993)*. Allegations of a pro se complaint are held "to less stringent standards than formal pleadings drafted by lawyers...." *Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam)*. Accordingly, *pro se* complaints are liberally construed. *Wilson v. Civil Town of Clayton, Ind., 839 F.2d 375, 378 (7th Cir.1988)*.

## FACTS

On January 18, 2007 Plaintiffs Everleigh Williams and Bernard C. Goodall executed a mortgage with Freemont Investment & Loan for the premises located at 3649 S. State, Crete, IL 60417. Freemont Investment & Loan ("Freemont") without notice to Plaintiff allegedly assigned their interest in the mortgage to Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc. In this regard Freemont violated numerous state and federal statutes. Several requests by the Plaintiffs upon Freemont to produce the original documents to substantiate such an assignment have been fruitless. On or around June 27, 2012 Plaintiffs sent a debt validation letter to AMHS whom could not validate the debt. In fact, Defendants or their alleged successor in interest cannot produce the loan documents. Upon inquiry by Plaintiffs to Freemont regarding a loan modification, Plaintiffs discovered that Freemont had allegedly contracted with AMHS to take over the loan made to Plaintiffs. At no time have Freemont, AHMS or Homeward Residential, Inc. been able to produce documents to substantiate such a transaction.

On August 6, 2012 Plaintiffs in an effort to seek clarification regarding this matter sought a Declaratory Judgment in the Circuit Court of Will County Illinois. After an Alias Summons was granted on September 6, 2012 Defendant, American Home Mortgage Services thereafter filed and was granted removal of the matter to federal court, Northern District of Illinois, Eastern, Division, the instant case.

3

## ARGUMENT

1. **Plaintiff has met the pleading standard by giving Defendant enough facts to allow a reasonable inference of the claim.**

   Although Plaintiffs have cited numerous cases in their pleading, it does not negate the fact that the pleadings indicated the intentions of the claim and must be construed liberally given the Plaintiff is Pro Se. This court, when reviewing the pleadings have applied less stringent standards than those employed on lawyers. Allegations of a pro se complaint are held "to less stringent standards than formal pleadings, drafted by lawyers...." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). Accordingly, *pro se* complaints are liberally construed. *See Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir.1988).

   Defendant has sufficient information in the allegations to surmise the intent of the claims against the defendant. On page one of Memorandum of Points and Authorities Plaintiff explicitly states: **"Plaintiff states that defendant(s) do not possess any lawful nor legal contract with the Plaintiff and that defendant(s) claim is solely the based upon the underlying alleged "loan" transactions are/were at the time of execution, and at all times thereafter, illegal...** *Memorandum of Points and Authorities, Statement of Facts.page 1., lines 22-23.*

   Additionally, Plaintiff has clearly stated in its' Memorandum of Points and Authorities, Statement of Facts that "No corporation may appear as an assignee or subrogee in a small claims proceeding" and that Defendant has failed to prove in court

that there is a lawful and legal contract in place between the Plaintiff and defendant in regards to any payment of any purported debt for the defendants to contest or dispute.

## 2. Plaintiff states a claim for quiet title as inferred from the recording of an unenforceable lien against Plaintiffs' property creating a cloud on title.

Defendant appears to be indirectly attacking the merits of the claim. An action for quiet title is merited when there is apparent cloud on title. Plaintiffs have alleged that there is not a basis in fact that AMHS is in privity of contract. Defendant's failure to produce documents that will substantiate the validity of the negotiable instrument is paramount to Plaintiff's claim. Thus, quiet title is appropriate to evaluate whether lien by AMHS in the form of an negotiable instrument is enforceable. Again, Defendant is attempting to advance a Motion to Dismiss by indirectly attacking the merits Plaintiff's claim for quiet title. This is not acceptable given the Plaintiffs' intentions are clear. The courts in reviewing a complaint on a Motion to Dismiss has stated, " No more [is required from Plaintiffs] allegation of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally. *Triad Assoc. Inc., v. Robinson, 10 F3d 492, 479 7th Cir. 1993).*

## 3. Plaintiff's reference to the criminal statute are made in light of the overarching nature of this complaint.

Defendant's suggestion that Plaintiff cannot prosecute a criminal action is simply a red herring. Plaintiff is drawing the inference to show that not only has Defendant failed

5

to produce any documents showing a valid contract, mortgage, or negotiable instrument but that Defendant appears to have also violated a criminal statute.

Case: 1:12-cv-07152 Document #: 13 Filed: 10/31/12 Page 6 of 7 PageID #:155

## CONCLUSION

For the forgoing reasons, the Plaintiffs respectfully request that this court deny the Defendant's Motion to Dismiss.

Respectfully Submitted,

_____
Bernard Goodall, Pro Se

_____
Eveleigh Williams, Pro Se

Eveleigh Wlliams
3649 S. State
Crete, IL 60417

Bernard Goodall
3649 S. State
Crete, IL 60417
Pro Se