# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

EVELEIGH WILLIAMS and BERNARD C. GOODALL,

    Plaintiffs,

v.

AMERICAN HOME MORTGAGE SERVICING INC.,

    Defendant.

Case No. 12-CV-7152

Judge Rebecca R. Pallmeyer

Magistrate Sidney I. Schenkier

## Defendant's Reply in Support of Its Motion to Dismiss

Defendant Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc. ("Homeward") submits this reply in support of its motion to dismiss Eveleigh Williams and Bernard C. Goodall's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and states as follows:

## Introduction

Plaintiffs' complaint should be dismissed because Plaintiffs fail to satisfy the federal pleading standards required by Federal Rule of Civil Procedure 8. Plaintiffs' response asks the Court to disregard the disorganization of their complaint based on their status as *pro se* litigants and deny Homeward's motion as an improper "indirect attack" on the merits of Plaintiffs' claims. Plaintiffs miss the point of Homeward's motion. At no point in its motion does Homeward address any of the merits of any of the "claims" in Plaintiffs' complaint because Homeward is still unsure of what claims Plaintiffs are asserting or the bases are for those claims.[1] Moreover, nowhere in their response do Plaintiffs address the fact that the complaint

---

[1] Homeward is unsure how many claims Plaintiffs are asserting and what those claims are beyond a purported claim for quiet title. The headings in Plaintiffs' complaint indicate that Plaintiffs are asserting claims for quiet title and

fails to set out any allegations to impose liability on Homeward. Plaintiffs' failure to set forth valid allegations in support of a cause of action requires dismissal of Plaintiffs' complaint with prejudice.

## Argument

### I. Plaintiffs' complaint does not meet federal pleading standards.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to satisfy this requirement of Rule 8, the Seventh Circuit has held that at a minimum "a complaint must describe the claim in sufficient detail to give the defendant fair notice of ***what the claim is and the grounds upon which it rests.***" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (emphasis added, internal quotation marks omitted). While the fact that Plaintiffs are proceeding *pro se* entitles their complaint to be liberally construed, they are "still required to allege more than a possibility of misconduct, that is, a plausible claim still must be alleged." *Jones v. Weis*, No. 08 C 3662, 2009 WL 1675934, at *2 (N.D. Ill. June 11, 2009) (citations omitted). Moreover, "even *pro se* litigants must present a coherent argument and support it with legal authority." *Wilkerson v. Springfield Public School Dist. No. 186*, 40 Fed. Appx. 260, 263 (7th Cir. 2002).

Even when construed with the liberal deference afforded *pro se* pleadings, Plaintiffs' complaint falls short of the pleading requirements set out by the Seventh Circuit.[2] It remains

---

criminal intimidation, but the complaint also makes references to various federal statutes and the "Statutes at Large." And now Plaintiffs' response asserts that the loan's originator, Freemont Investment & Loan, "violated numerous state and federal statutes" and references a "defense against recoupment pursuant to Illinois law, 810 ILCS 5/3-305(a)(1)." (Response, pp. 1, 3.)

[2] Plaintiffs incorrectly cite to the overruled standard set out in *Conley v. Gibson*, 355 U.S. 41 (1957), that a complaint should not be dismissed unless a plaintiff "cannot prove a set of facts which would entitle relief." (Response, p. 2); *Twombly*, 550 U.S. at 562 (noting that the *Conley* standard "has been questioned, criticized, and explained away long enough," and "has earned its retirement.")

unclear to Homeward—and apparently to Plaintiffs—what allegations are in Plaintiffs' complaint, which would require an answer from Homeward, and what allegations are in other pleadings previously filed by Plaintiffs. In an unsigned and undated document titled "Notice of and Verified ~~Small Claims~~ Complaint for Declaratory Judgment/Points and Authorities" Plaintiffs assert that their action is based on the:

> Complaint, the memorandum of points and authorities; the attached Verification and Declaration of Eveleigh Williams and Bernard Goodall, the Affidavit of No Loan Given of Eveleigh Williams and Bernard Goodall, the Verified Memorandum of Case Law in Support of Use of the Statutes at Large as Superior to the U.S. Codes; Supporting Verification and Declaration, the Verified Motion for Summary Judgment and Points and Authorities; Supporting Verification and Declaration, the records, evidence and files in this action, and such other oral and documentary evidence as may be presented at the hearing of the Complaint.

(Dkt. 1.) However, the Plaintiffs have not filed a document titled "Complaint" and Homeward is unsure of what Plaintiffs' "Complaint" entails.

In an attempt to comply with the requirements of Rule 8, Plaintiffs numbered certain paragraphs[3] in a document titled "Memorandum of Points and Authorities," which appears to be the document Plaintiffs are setting forth as their "Complaint." *Id.* However, when Plaintiffs attempt to clarify their claims in their response, which as detailed below is improper, Plaintiffs appear to be relying on an unnumbered paragraph from the Memorandum of Points and Authorities which was either filed as part of or support for their "Notice of and Verified Motion for Summary Judgment/Points and Authorities." (Response, p. 4-5; Dkt. 1.) The confusion over which of Plaintiffs' pleadings comprise the complaint makes it apparent that Plaintiffs' pleadings

---

[3] Outside of a "Verification and Declaration of Eveleigh Williams and Bernard Goodall" and an "Affidavit of No Loan Given by Trustors/Grantors/Contributing Beneficiaries," these are the only numbered paragraphs in all of the documents filed by Plaintiffs. (Dkt. 1.)

do not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8.

Moreover, regardless of how the "complaint" is defined, its lack of structure and organization makes it impossible for Homeward to prepare an answer. Therefore, the case should be dismissed pursuant to Rule 12(b)(6). *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy.").

## II. Plaintiffs' response fails to address the issues raised in Homeward's motion.

### A. Plaintiffs cannot amend their complaint through their response brief.

Setting aside the fact that Plaintiffs are unable to determine what documents make up their "Complaint," even if all of the pleadings submitted by Plaintiffs were deemed to be part of their complaint, it would still fail to put Homeward on notice of the bases of the claims it is being asked to defend. That the Plaintiffs' felt the need to attempt to explain their claim(s) in their response (Response, pp. 4-6) is overwhelming evidence that the documents filed by Plaintiffs fail to provide Homeward with notice of what claims are being asserted, and therefore fail to comply with Rule 8. As detailed below, however, even Plaintiffs' response fails to provide any clarity regarding Plaintiffs' claims. Regardless, even if Plaintiffs' response was able to accurately explain what claims are being asserted, and the bases for those claims, it is an "axiomatic rule" of civil procedure "that a plaintiff may not amend his complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). Accordingly, since Plaintiffs cannot save their complaint by adding clarity in a response to a motion to dismiss, Plaintiffs' claims should be dismissed pursuant to Rule 12(b)(6).

**B. Plaintiffs' response does not cure the pleading defects of Plaintiffs' complaint.**

In an improper attempt to amend their complaint by way of their response, Plaintiffs' assert that their claims are premised on Homeward's failure "to prove in court that there is a lawful and legal contract in place between Plaintiff [sic] and defendant in regards to any payment of any purported debt for the defendants [sic] to contest or dispute." (Response, pp. 4-5.) However, Homeward has never attempted to prove the legal effect of any contract with Plaintiffs, and Homeward is not contesting or disputing any debt, if anything it is the Plaintiffs who are contesting a debt. Relying on that statement, Plaintiffs go on to assert that their claim for quiet title[4] is premised on Homeward's "failure to produce documents that will substantiate the validity of the negotiable instrument," and therefore, "quiet title is appropriate to evaluate whether [the] lien by [Homeward] in the form of a[] negotiable instrument is enforceable." (Response, p. 5.) Homeward assumes, but it is still unclear, that Plaintiffs are attempting to have a promissory note declared void, and as a result, the mortgage which secures the note also declared void. Assuming that is the case, what Plaintiffs fail to articulate, in either their complaint or their response, is the basis for why the note or mortgage should be voided, which is a required element for a claim for quiet title under Illinois law. *Gambino v. Boulevard Mortg. Corp.*, 922 N.E.2d 380, 410 (Ill. Ct. App. 2010) (action for quiet title must be premised on plaintiff's allegation that cloud on title it invalid).

Therefore, even if Plaintiffs were able to cure the defects in their complaint by way of their response brief, Plaintiffs fail to provide any additional facts that would bring their allegations in to compliance with the pleading requirements of Rule 8. Moreover, even if

---

[4] Plaintiffs concede that they cannot bring a claim for criminal intimidation, but assert, in conclusory fashion, that such a claim was asserted to show that Homeward "appears to have also violated a criminal statute." (Response, p. 6.)

5

Plaintiffs were given leave to amend, Plaintiffs could still not state a valid claim for quiet title since Plaintiffs cannot state a basis for invalidating the mortgage. It is undisputed that the mortgage was properly executed by Plaintiffs (Dkt. 1, Memorandum of Points and Authorities, ¶ 1), and therefore the mortgage is not a cloud on title that can be removed by an action for quiet title. *See El-Bey v. HUD, et al.*, 11-7260, 2011 WL 1378680 (N.D. Ill. Apr. 20, 2012) (dismissing claim to quiet title where there was a valid mortgage on the property). Accordingly, Plaintiffs' claims must be dismissed pursuant to Rule 12(b)(6).

## Conclusion

Since Plaintiffs acknowledge that they cannot assert a claim for criminal intimidation, and since Plaintiff cannot set out a claim for quiet title, Homeward respectfully requests that the Court grant its Motion, dismiss Plaintiffs' claims for quiet title and criminal intimidation with prejudice pursuant to Rule 12(b)(6), and grant such further relief as this Court deems appropriate.

DATED: November 14, 2012					HOMEWARD RESIDENTIAL, INC.


							By:	/s/ David F. Standa
								One of Its Attorneys

Simon Fleischmann (6274929)
*SFleischmann@lockelord.com*
Douglas R. Sargent (6290671)
*DSargent@lockelord.com*
David F. Standa (6300942)
*DStanda@lockelord.com*
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606

**CERTIFICATE OF SERVICE**

      I, David F. Standa, an attorney, certify that I caused the foregoing Reply in Support of Motion to Dismiss to be served upon those persons or entities identified below by placing a duplicate of said documents into a properly addressed envelope, first class postage prepaid, and placing said envelope into the U. S. Mail depository located at 111 South Wacker Drive, Chicago, Illinois on November 14, 2012 before the hour of 5:00 p.m.

                              Eveleigh Williams
                              3649 State Street
                              Crete, Illinois 60417

                              Bernard Goodall
                              3649 State Street
                              Crete, Illinois 60417


             _____/s/David F. Standa_____